DAVIS, Judge.
O.A.J. ("Respondent") appeals from orders terminating his parental rights to his daughters J.L.J. ("Janet") and J.L.J. ("Jacklyn").[1] The juveniles' mother relinquished her parental rights in December 2014 and is not a party to this appeal. After careful review, we affirm.
Factual and Procedural Background
On or about 26 March 2014, the Iredell County Department of Social Services ("DSS") obtained nonsecure custody of the juveniles and filed two juvenile petitions alleging that they were neglected based on domestic violence and unstable housing. The parties consented to an order adjudicating the juveniles neglected, which was entered on 21 May 2014. In a separate dispositional order, the trial court determined that it was in the juveniles' best interests to remain in DSS custody.
On 31 July 2015, DSS filed two petitions to terminate Respondent's parental rights to the juveniles based upon the following grounds: (1) neglect; (2) willfully leaving the juveniles in foster care for more than twelve months without showing reasonable progress to correct the conditions that led to removal; (3) willful failure to pay a reasonable portion of the cost of care for the juveniles; (4) failure to legitimate; (5) dependency; and (6) willful abandonment. See N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (5)-(7) (2015).
Following a hearing on 13 July 2016 in Iredell County District Court before the Honorable H. Thomas Church, the trial court entered two orders on 22 July 2016 concluding that termination of Respondent's parental rights was justified based upon all of the alleged grounds except failure to legitimate and willful abandonment. The trial court also concluded that termination of Respondent's parental rights was in the juveniles' best interests. Respondent gave timely notice of appeal.
Analysis
Counsel for Respondent has filed a "no-merit" brief on his behalf pursuant to N.C. R. App. P. 3.1(d). Counsel states that after a "conscientious and thorough review of the record on appeal," he "concludes that the record contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous." Counsel asks that this Court conduct an independent examination of the case for possible error pursuant to Rule 3.1(d). Counsel further shows that he complied with the requirements of Rule 3.1(d) by sending a letter to Respondent on 28 November 2016 advising him of his right to file written arguments in support of his appeal and by providing him with the materials necessary to do so. Counsel attached to the letter a copy of the record, the transcript, and the brief filed by counsel. Respondent has not submitted written arguments of his own.
After conducting a thorough review of the record, we are unable to identify any basis for determining that the trial court committed reversible error. The trial court's orders being appealed include findings of fact by clear, cogent, and convincing evidence to support at least one statutory ground for termination. See In re Clark , 159 N.C. App. 75, 78 n.3, 582 S.E.2d 657, 659 n.3 (2003) (stating that if "an appellate court determines there is at least one ground to support a conclusion that parental rights should be terminated, it is unnecessary to address the remaining grounds" found by the trial court).
Specifically, the trial court properly adjudicated Janet and Jacklyn as dependent juveniles pursuant to N.C. Gen. Stat. § 7B-1111, concluding that Respondent was "incapable of providing for the proper care and supervision" of the juveniles and that they were "dependent juvenile[s] within the meaning of G.S. [§] 7B-101 and there is reasonable probability that such incapability will continue for the foreseeable future." This determination was based in part on the trial court's findings that Respondent, who is currently incarcerated, was not scheduled to be released from prison until November 2021-approximately 64 months after the hearing-and that he had not identified an appropriate alternative child care arrangement.
While we note that "incarceration, standing alone, is neither a sword nor a shield in a termination of parental rights decision[,]" In re N.T.U. , 234 N.C. App. 722, 735, 760 S.E.2d 49, 58 (citation, quotation marks, and brackets omitted), disc. review denied , --- N.C. ----, 763 S.E.2d 517 (2014), this Court has previously held that a respondent's incarceration that was to extend from between 13 months and 43 months from the date of the hearing was "clearly sufficient to constitute a condition that rendered [the respondent] unable or unavailable to parent [her daughter,]" In re L.R.S. , 237 N.C. App. 16, 21, 764 S.E.2d 908, 911 (2014). Here, Respondent's incarceration-which was set to expire approximately 64 months after the hearing-likewise constituted a condition that rendered him unable to parent his children.
Moreover, the trial court properly considered alternative childcare arrangements. The one potential alternative caretaker identified by Respondent was determined by DSS to be inappropriate because she was living with her boyfriend who was in violation of his probation and whom she allowed to transport her children while his driver's license had been suspended for driving under the influence.
Finally, we are satisfied that the trial court's findings reflect due consideration of the dispositional factors in N.C. Gen. Stat. § 7B-1110(a) and constitute a valid exercise of its discretion in concluding that the termination of Respondent's parental rights is in the best interests of the minor children.
Conclusion
For the reasons stated above, we affirm.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and TYSON concur.

Pseudonyms and initials are used throughout this opinion to protect the identities of the minor children and for ease of reading. N.C. R. App. P. 3.1(b).